RECEIVED

AUG 0 6 2021

BY MAIL

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF MISSOURI**
**FROM :Mensah:Cone.**

| | | |
|---|---|---|
| BRISTOL HOUSE CONDOM INIUM, | ) | <u>Civil Action</u> |
| | ) | |
| Plaintiff, | ) | Case No._____ |
| | ) | |
| v. | ) | |
| | ) | SUPERIOR COURT OF NEW JERSEY |
| CONE MENSAH, | ) | LAW DIVISION BERGEN COUNTY |
| | ) | |
| Defendant. | ) | Trial Court Docket Number: |
| | ) | BER–L–002779-20 |
| BRISTOL HOUSE CONDOMINIUM | ) | |
| ASSOCIATION, | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| MENSAH CONE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| MENSAH CONE, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRISTOL HOUSE CONDOMINIUM | ) | |
| ASSOCIATION et al., | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |
| | ) | |
| MENSAH CONE, | ) | |
| | ) | |
| Third-party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EMILIO SANTIAGO, LLC , et al., | ) | |
| | ) | |
| Third-party Defendant(s). | ) | |

1

Certified Mail # xxxx xxxx xxxx xxxx 2xx8

## NOTICE OF REMOVAL

The undersigned affiant, being duly sworn, deposed and states:

I, the living man, true and proper name style Mensah Cone, non-attorney, highest accredited education from Ranken Technical College, MO graduate A.A.S. 1990, in regards to the matter set forth regarding that name MENSAH CONE, Defendant/Counterclaimant/Third-Party Plaintiff;  Affiant is competent, of full age, with personal knowledge, to state matter included in this Declaration, and has personal knowledge of the facts and hereby declares that to the best of my knowledge, that the statements made in this Affidavit are true, correct, and complete and not meant to mislead and are made under full commercial liability.

The method and manner of retrieving all documents relative to this litigation is through regular and certified mail and e-mail correspondence, Court filings, and documents served on the Defendant/Counterclaimant/Third-Party Plaintiff hereinafter the "Defendant".

All Court filings and Exhibits of correspondence from BUCKLEW  FRIZZELL & CREVINA, LLP hereinafter "BFC" or the "Debt Collector" are true copies of such retrieved by the Defendant through e-mail from the sender Laurie Rollins <lrollins@lawnj.com> and U.S. postage from BFC.

The CERTIFICAITON OF LAURIE A. ROLLINS ESQ. hereinafter "Rollins Cert.", dated October 16, 2020  and the CERTIFICATION OF DIANE MONTENERO hereinafter Montenero Cert., dated October 14, 2020 was filed with the Superior Court of New Jersey and served on the Defendant.

The Defendant received the aforementioned certifications through certified mail from BFC. The Montenero Cert., and annexed EXHIBIT A "Financial Transactions" report hereinafter the "Report" is a true copy from that source.  The Rollins Cert., and annexed EXHIBIT A "Master Deed" and EXHIBIT B "By-Laws" collectively referred to in the movant's papers as Master Deed and By-Laws of Bristol House Condominium Association hereinafter "Condominium Association" or "Plaintiff" is a true copy from that source . The Rollins Cert. annexed EXHIBIT C "Notice of Delinquency" and EXHIBIT D "BFC Invoices" are true copies from that source.

Exhibits of emails and correspondence from Katherine Henriquez via email and/or regular mail are true copies of emails and correspondence from Katherine Henriquez to the Defendant. The Defendant obtained the email correspondence from the sender Katherine Henriquez <khenriques@rcpmanagement.com> via email to email address mensah_c@yahoo.com.

2

Correspondence and statements from RCP MANAGEMENT INC. and RCP Management Inc. collectively hereinafter "RCP" are true copies from that source, RCP.

Correspondence and statements from HOMESTEAD MANAGEMENT SERVICES INC. and Homestead Management Services, Inc. collectively hereinafter "HMS" via regular mail are true copies from that source, HMS.

All Court filings and Exhibits of correspondence from, without limitation, the Law Offices of  Daniel Santiago attorney ID: 021212006, Emilio Santiago, LLC, Emilio Santiago attorney ID:  008191995 and agents are collectively hereinafter "Mr. Santiago", are true copies of such, retrieved by the Third-party Plaintiff from the sender Mr. Santiago through U.S. postage and from electronic Court filings, from those source(s).

All Court filings and Exhibits of correspondence from without limitation, HUESTON MCNULTY, P.C., Samuel McNulty attorney ID: 031761989, agents of HUESTON MCNULTY, P.C. and agents purported representatives of the Counterclaim Defendant(s) hereinafter "Mr. McNulty" are true copies of such retrieved by the Counterclaimant from the sender Mr. McNulty through U.S. postage and from electronic Court filings, from those source(s).

All Court filings and Exhibits of correspondence from, without limitation, RIVKIN RADLER, LLP, Michael Mule attorney ID: 001791996, Ana Parikh attorney ID: 050782014 and agents other representatives of Third-Party Defendant(s), Laurie Newmark, Townsend, Tomaio & Newmark, LLC and agents of Townsend, Tomaio & Newmark, LLC, and other representatives all the aforementioned hereinafter "TTN" or "Townsend, Tomaio & Newmark, LLC" or the "Law Firm" are true copies of such retrieved by the Third-party Plaintiff from the aforementioned sender through U.S. postage and from Court filings, from those source(s).

In the case at bar, the Defendant respectfully withholds consent of magistrate judge conducting this civil action or proceeding.

Pursuant Article VI of the Constitution, the Defendant requires the sitting Judge(s) having sworn an oath of office to support and or defend the United States Constitution;

Mensah Cone[1] regarding that name MENSAH CONE, Defendant / Counterclaimant / Third-party Plaintiff *hereby* accepts that oath of office subject to removal of Superior Court of New Jersey trial docket number BER-L-2779-20 to the U.S. District Court for the Eastern District of Missouri pending assigned docket no.

Article VI the Supremacy Clause, reads as follows:

> This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every state shall be *bound* thereby, anything in the Constitution or laws of any State to the contrary notwithstanding. [Emphasis added]

28 U.S. Code § 453 - Oaths of justices and judges, reads as follows:

> Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, ____ ____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ____ under the Constitution and laws of the United States. So help me God."

## BACKGROUND

1. On or about May 12, 2020, contrary to distinguished Constitutional provisions (Fourteenth Amendment-Due Process, Equal Protection of the Law), Acts – Fair Debt Collection Practices Act ("FDCPA"), and the laws of the United States (Title 18 USC § 242, Title 42 USC § 1983) and State laws and Acts (N.J. Stat. § 46:8B, Due Process, Equal Protection of the Law); BFC, the Debt Collector commenced action

---

[1] Non-Fiduciary of MENSAH CONE

Certified Mail # xxxx xxxx xxxx xxxx 2xx8

against defendant, Mensah Cone and/or MENSAH CONE, Defendant in the Superior Court of New Jersey Bergen County alleging unpaid maintenance fees and other related charges on behalf of plaintiff, Bristol House Condominium Association and/or BRISTOL HOUSE CONDOMINIUM ASSOCIATION, Plaintiff and/or BRISTOL HOUSE CONDOM INIUM, Plaintiff the aforementioned collectively hereinafter the "Plaintiff".[2]

2.  On June 28, 2020 Mensah Cone regarding MENSAH CONE, filed an Answer, a Counterclaim against BRISTOL HOUSE CONDOMINIUM ASSOCIATION, BRISTOL HOUSE CONDOMINIUM ASSOCIATION BOARD OF DIRECTOR(s): 1 – 10, RCP MANAGEMENT INC., KRISTINA MUNSON, MARY FAITH NEUGIEL, and a Third-party Complaint against EMILIO SANTIAGO, LLC, EMILIO SANTIAGO, TOWNSEND, TOMAIO & NEWMARK, LLC, LAURIE NEWMARK, VALERIA CONE

3.  On September 4, 2020 the Counterclaim Defendant(s) filed an Answer to the Counterclaim without serving the Defendant.[3]

4.  The Court issued an Order dismissing the Counterclaim without prejudice on April 16, 2021.

---

[2] Purported Service of Process on the Defendant was to the Defendant's prior address of 6-years prior to May 22, 2020. The Defendant did not return to 14 Claremont Avenue in over 6 years. The Court favored the Plaintiff in motion to Dismiss Complaint.

[3] Pursuant N.J. Ct. R.  4:6-1. When Presented. A party served with a pleading stating a counterclaim or cross claim against that party shall serve an answer thereto within 35 days after the service upon that party.
The Counterclaim Defendant did not provide certification of service or serve the Counterclaimant the Answer within the time frame required by the Rules of Court.

Certified Mail # xxxx xxxx xxxx xxxx 2xx8

## Removal Pursuant Title 28 U.S. Code(s) § 1441, § 1446

5.  Pursuant Title 28 U.S. Code(s) § 1441, § 1446 the Defendant removes Docket No.

    BER-L-002779 from the Superior Court of New Jersey Law Division Bergen County

    to the United States District Court for the Eastern District of Missouri.

    > *318 "Removal of cases from State courts into courts of the United States has been an acknowledged mode of protecting rights ever since the foundation of the government." (VIRGINIA v. RIVES. Supreme Court of United States)

6.  Counterclaim Defendant(s) accountable for their actions and those of their agents

    relative to this matter, shall be held to the standard under the Constitution and laws

    of the United States. See. Title 42 U.S. Code § 1985. Conspiracy to interfere with civil

    rights, Title 28 U.S. Code § 1343 - Civil rights and elective franchise

    > **(a)** The district courts shall have *original* jurisdiction of any civil action authorized by law to be commenced by any person: **(3)** To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; [Emphasis added]

7.  Article 3 § 2 clause 1 of the U.S. Constitution, in pertinent, reads as follows,

    > "Article III, § 2, of the Constitution states that "[t]he judicial Power shall extend to all Cases . . . affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies . . . between a State, or the Citizens thereof, and foreign States, Citizens or Subjects." And § 1332 of the Judicial Code gives the courts *jurisdiction* over all civil actions between citizens of a State and foreign states or citizens or subjects thereof." BANCO NACIONAL DE CUBA v. SABBATINO, RECEIVER, ET AL. No. 16. 376 U.S. 398 Supreme Court of United States (1964) [Emphasis added]

## Jurisdiction

8.  "Jurisdiction can be challenged at any time." Basso v. Utah Power & Light Co., 495 F

    2nd 906 at 910 The Defendant/Counterclaimant/Third-party Plaintiff asserts,

    Pursuant15 USC 1692c § 805. (a) Communication with the consumer generally,

6

challenges the competent jurisdiction of hearings relative to Docket Number BER-L-002779-20 sitting Judge Michael Beukas[4].

9. "Where there is an absence of proof of jurisdiction, all administrative and judicial proceedings are a nullity and confer no right, offer no protection, and afford no justification, and may be rejected upon direct collateral attack." Thompson v Tolmie, 2 Pet. 157, 7 L. Ed. 381; and Griffith v. Frazier, 8 Cr. 9, 3 L. Ed. 471.

10. "The rights and liberties of the citizens of the United States are not protected by custom and tradition alone, they are preserved from the encroachments of government by express/ enumerated provisions of the Federal Constitution." Reid v. Covert, 354 U.S. 1, 1 L. Ed. 2nd. 1148 (1957). The Defendant asserts instances of violation of Due Process Rights, and Equal Protection of the Law;

11. The Defendant challenges the territorial jurisdiction of the Superior Court of New Jersey relative to subject property 277 Prospect Avenue Unit 18-B, Block 343 Lot 10 Hackensack, New Jersey, *infra*.

### Constitutional Provisions

Fourteenth Amendment

JUSTICE WHITE delivered the opinion to the Court, in pertinent part stating,

"The Fourteenth Amendment of the Constitution provides in part:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the 924*924 United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as "state action".

---

[4] The Counterclaimant asserts violation of the Rules of the Court relative to Due Process, FRE Rule 605 – Judge's Competency as a Witness, Equal Protection of the Law, etc.

7

Title 42 U. S. C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ." LUGAR v. EDMONDSON OIL CO., INC., ET AL. No. 80-1730 Supreme Court of United States (1982)

12. The Defendant asserts that Judge Michael Beukas of the Superior Court of New Jersey Bergen County violated the Defendant's, without limitation, Fifth and Fourteenth Amendment(s) constitutional provisions of Due Process Equal Protection of the Law[5]; the caption of the Notice of Docketing, *infra*, is neither the caption of the SUMMONS nor that of the COMPLAINT; Counterclaimant's Request for Entry for Default Entry based on the delinquent Answer to the Counterclaim, having not been served on the Counterclaimant within the time required by the Rules of Court, was dishonored by the Court; *infra*.

13. The Complaint, possesses no seal of the Court.

14. The Defendant's property interest was liened by the    BRISTOL HOUSE CONDOMINIUM ASSOCIATION hereinafter "BHCA" contrary to the Fifth and Fourteenth Amendment(s) of Due Process, and laws and statutes of the State,.[6]

**NoR Exhibit-1**

*933 "In each of these cases state agents aided the creditor in securing the disputed property; but in each case the federal issue arose in litigation between creditor and debtor in the state courts and no state official was named as a party. Nevertheless, in each case the Court entertained and adjudicated the defendant-

---

[5] *934 "If the creditor-plaintiff violates the debtor-defendant's due process rights by seizing his property in accordance with statutory procedures, there is little or no reason to deny to the latter a cause of action under the federal statute, § 1983, designed to provide judicial redress for just such constitutional violations." LUGAR v. EDMONDSON OIL CO., INC., ET AL. No. 80-1730 Supreme Court of United States (1982)

[6] *933 "Beginning with Sniadach v. Family Finance Corp., 395 U. S. 337 (1969), the Court has consistently held that constitutional requirements of due process apply to garnishment and prejudgment attachment procedures whenever officers 933*933 of the State act jointly with a creditor in securing the property in dispute." LUGAR v. EDMONDSON OIL CO., INC., ET AL. No. 80-1730 Supreme Court of United States (1982)

Certified Mail # xxxx xxxx xxxx xxxx 2xx8

debtor's claim that the procedure under which the private creditor secured the disputed property violated federal constitutional standards of due process." LUGAR v. EDMONDSON OIL CO., INC., ET AL. No. 80-1730 Supreme Court of United States (1982)

15. In fact, the alleged Plaintiff has produced no evidence of return receipt of any communications pursuant to dispute resolution required by the N.J. Condominium Act as set forth in the Defendant/Counterclaimant's opposition papers.[7]

## Federal Question(s)

16. The Counterclaimant asserts violation of the FDCPA, Fourteenth Amendment Due Process clauses and Equal Protection of the Law by the Court and the Plaintiff and/or agents, *infra*.[8]

17. The actions by the State, Plaintiff and Counterclaimants during litigation constitute breaches of Constitutional provisions and laws of the United States, *infra*; Title 28 U.S. Code § 1331 - Federal question.

## Laws and Statutes of the United States

18. The Defendant/Counterclaimant/Third-party Plaintiff asserts 18 U.S. Code § 1341 - Frauds and swindles and 18 U.S.C. 1343— Elements of wire fraud against the Plaintiff, BHCA, Counterclaim Defendants and Third-party Defendants.

---

[7] N.J. Stat. § 46:8B-14 (k)An association shall provide a fair and efficient procedure for the resolution of housing-related disputes between individual unit owners and the association, and between unit owners, which shall be readily available as an alternative to litigation. A person other than an officer of the association, a member of the governing board or a unit owner involved in the dispute shall be made available to resolve the dispute. A unit owner may notify the Commissioner of Community Affairs if an association does not comply with this subsection. The commissioner shall have the power to order the association to provide a fair and efficient procedure for the resolution of disputes.

[8] The Debt Collector commenced litigation (1) contrary to Due Process and (2) Pursuant Title 15 USC 1692c § 805. Communication in connection with debt collection, the debt collector communicated with the consumer without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

9

### Complete Diversity

19. Federal Court is the appropriate forum for the disposition of this dispute. Moreover, the United States District Court for the Eastern District of Missouri is the appropriate venue, as the Defendant/Counterclaimant/Third-party Plaintiff resides near the district; Title 28 U.S. Code § 1332 - Diversity of citizenship; amount in controversy; costs . The amount in controversy exceeds $75,000.

### GROUNDS FOR REMOVAL

### Subjects of any Foreign State, Titles of Nobility

20. The 11th Amendment of the U.S. Constitution, in pertinent part, reads as follows,

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

21. Article 1 § 9 clause 8 of the U.S. Constitution, in pertinent, reads as follows,

> No Title of Nobility shall be granted by the United States: And no Person holding any Office of Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State.

22. Article 1 § 10 clause 1 of the U.S. Constitution, in pertinent, reads as follows,

> No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.

23. Esquire is a title of nobility. Laurie Rollins of BFC admits to having the title of Esquire, and pursuant to the 11th Amendment has no authority to sue the alleged defendant, Mensah Cone and/or MENSAH CONE, Defendant.

24. Esquire is a title of nobility. Laurie Rollins of BFC admits to having the title of Esquire, and is therefore of a foreign State.

Certified Mail # xxxx xxxx xxxx xxxx 2xx8

25. Laurie Rollins did not produce a power of attorney, authorizing representation of BRISTOL HOUSE CONDOMINIUM ASSOCIATION or Bristol House Condominium Association, relative to this matter.

### Territorial Jurisdictional Challenge

26. Pursuant to Article 1 § 8 clause 17 of the Constitution, 277 Prospect Avenue, Unit 18-B, Block 343 Lot 10 Hackensack, New Jersey is neither in the state of New Jersey nor in the State of New Jersey.

27. The Superior Court of New Jersey lacks jurisdiction of the aforementioned property. The aforementioned property is not subject to 18 U.S. Code § 7 - Special maritime and territorial jurisdiction of the United States;

28. Pursuant to Article 1 § 8 clause 3 of the Constitution, Mensah Cone is not engaged with Commerce with foreign Nations, and among the several States, and with the Indian Tribes;

29. Pursuant to Article 1 § 8 clause 14 of the Constitution, 277 Prospect Avenue, Unit 18-B, Block 343 Lot 10 Hackensack, New Jersey is not regulated by Congress.

### Service of Process

30. *Prima facie* the declaration under penalty of perjury is false, as the AFFIDAVIT OF SERVICE states "[x] Delivered a copy to him/her personally".

31. Mensah Cone regarding MENSAH CONE is neither "SEX: F" nor Height 5`4- 5`8 inches nor WEIGHT: 100-130LBS;

32. In fact, Mensah Cone had not returned to 14 Claremont Avenue, Livingston, New Jersey since 2014, upon filing for divorce.[9]

---

[9] "This court now holds, that, by reason of the absence of a personal service of *737 the summons on the defendant, the Circuit Court of Oregon had no jurisdiction, its judgment could not authorize the sale

11

33. The AFFIDAVIT OF SERVICE was not served on Mensah Cone regarding MENSAH CONE from DAVID TORRESS on May 22, 2020. **Exhibit NoR-3**

34. On or about June 8, 2020 Laurie Rollins of BFC conveyed through wire communications SUMMONS and Complaint. **NoR Exhibit-2**

35. The SUMMONS does not possess a seal of the Court. The Defendant asserts violation of the Laws and Statutes of the United State, *supra*. Alleged violation pursuant Title 15 U.S. Code 1692e § 807; the Defendant asserts, WHEREAS on May 12, 2020 neither BFC nor the Debt Collectors nor agents possess bond and/or did not produce bond relative to this debt collection matter.

36. Pursuant NJ Rev Stat § 45:18-1 (2013);  Collection agencies to file bond WHEREAS on May 12, 2020 the Defendant asserts neither the Plaintiff nor Debt Collectors, nor BFC, nor agents  possess bond and/or did not produce bond relative to this debt collection matter.

> *941 "As is clear from the discussion in Part II, we have consistently held that a private party's joint participation with state officials in the seizure of disputed property is sufficient to characterize that party as a "state actor" for purposes of the Fourteenth Amendment. The rule in these cases is the same as that articulated in Adickes v. S. H. Kress & Co., supra, at 152, in the context of an equal protection deprivation:
>
> `Private persons, jointly engaged with state officials in the prohibited action, are acting "under color" of law for purposes of the statute. To act "under color" of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents,' " quoting United States v. Price, 383 U. S., at 794." LUGAR v. EDMONDSON OIL CO., INC., ET AL. No. 80-1730 Supreme Court of United States (1982)

---

of land in said county, and, as a necessary result, a purchaser of land under it obtained no title; that, as to the former owner, it is a case of depriving a person of his property without due process of law." 95 U.S. 714 (_____) PENNOYER v.NEFF Supreme Court of United States.  Appearance was under duress.

37. The plaintiff, Bristol House Condominium Association is not BRISTOL HOUSE CONDOMINUM ASSOCIATION, Plaintiff. *See* SUMMONS and COMPLAINT

38. BRISTOL HOUSE CONDOM INIUM, Plaintiff is not BRISTOL HOUSE CONDOMINIUM ASSOCIATION, Plaintiff. *See* SUMMONS and COMPLAINT, Notice of Tracking;

39. The defendant, Mensah Cone is not MENSAH CONE, Defendant. *See* SUMMONS and COMPLAINT;

### The Fourteenth Amendment of the Constitution

40. On or about June 11, 2020 the "private party's joint participation with state officials"; Pursuant the New Jersey "Condominium Act" New Jersey Statutes Annotated (N.J.S.A.), Section 46:8B-1, *et seq.*, Plaintiff, Laurie Rollins of BFC, BHCA, Carl Monheit[10] in alleged participation with the State officials, recorded Lien Claim against 277 Prospect Avenue, Unit 18-B, Block 343 Lot 10, Hackensack New Jersey 07061, without providing notice to Mensah Cone. *See* Title 28 U.S. Code § 1343 - Civil rights and elective franchise (a)(3) and *933, 941 LUGAR v. EDMONDSON OIL CO., INC., ET AL. No. 80-1730 Supreme Court of United States (1982), *supra.*

41. Pursuant N.J. Stat. § 46:8B-14 (k) neither the Plaintiff, nor BFC nor BHCA nor agents provided a fair and efficient procedure for the resolution of housing-related disputes between individual unit owners and the association, as an alternative to litigation.

---

[10] *566 "Similarly, a principal is liable for an agent's misrepresentations that cause pecuniary loss to a third party, when the agent acts within the scope of his apparent authority. Restatement (Second) of Agency §§ 249, 262 (1957) (Restatement); see Rutherford v. Rideout Bank, 11 Cal. 2d 479, 80 P. 2d 978 (1938). Also, if an agent is guilty of defamation, the principal is liable so long as the agent was apparently authorized to make the defamatory statement. Restatement §§ 247, 254. Finally, a principal is responsible if an agent acting with apparent authority tortiously injures the business relations of a third person. Id., § 248 and Comment b, p. 548." AMERICAN SOCIETY OF MECHANICAL ENGINEERS, INC. v. HYDROLEVEL CORP. No. 80-1765. 456 U.S. 556 (1982) 1982.

13

42. Pursuant N.J. Stat. § 46:8B-21[11] Liens in favor of association; priority; neither the Plaintiff, nor BFC nor BHCA nor agents *gave* notice to the Unit owner of the referenced lien, *supra*.

43. BHCA did not provide the Unit owner with an authentic copy of the Master Deed or By-Laws prior to or during purchase and/or settlement of the Unit.[12]

44. The Track Assignment Notice caption reads as follows; BRISTOL HOUSE CONDOM INIUM VS CONE MENSAH[13]. **NoR Exhibit-4**

45. eCourts notice rescheduling motion filed on 10/16/2020 to 01/22/2021 case caption reads as follows; BRISTOL HOUSE CONDOM INIUM VS CONE MENSAH[14].

46. The Counterclaim Defendant's Answer was filed with the Court on or about September 4, 2020, exceeding the time provisions for Answer according to the Rules of the Court.

47. The Counterclaim Defendant's Answer was not served via regular mail or certified mail on the   on the Defendant/Counterclaimant according to the Rules of the Court.[15]

---

[11] N.J. Stat. § 46:8B-21  a. The association shall have a lien on each unit for any unpaid assessment duly made by the association for a share of common expenses or otherwise, including any other moneys duly owed the association, upon proper notice to the appropriate unit owner, together with interest thereon and, if authorized by the master deed or bylaws, late fees, fines and reasonable attorney's fees;

[12] See copy of Master Deed and By-Laws provided by BFC used in Notice of Motion for Summary Judgment, CERTIFICATION OF LAURIE A. ROLLINS, Exhibits A and B filed on or about October 16, 2020.

[13] The Caption on the SUMMONS and the COMPLAINT reads as follows; BRISTOL HOUSE CONDOMINIUM ASSOCIATION, Plaintiff vs. MENSAH CONE, Defendant.

[14] The caption of the SUMMONS and COMPLAINT reads, BRISTOL HOUSE CONDOMINIUM ASSOCIATION, Plaintiff vs. MENSAH CONE, Defendant. *See*. Federal Rules of Civil Procedure 17. (a) Real Party in Interest.
[15] Counterclaim Defendant's ANSWER TO COUNTERCLAIM, SEPARATE DEFENSES, CROSSCLAIMS, JURY DEMAND AND CERTIFICATIONS possesses neither Certification of Service nor proof of Service.

14

48. The Counterclaim Defendant's Answer was served on the Counterclaimant on or about October 15, 2020 with the Counterclaim Defendant's demands for Interrogatories and Notice to Produce Documents. [16]

49. The Court dishonored the Counterclaimant's application for Entry for Default against the Counterclaim Defendant(s). The Counterclaimant asserts breach of the Fourteenth Amendment Equal Protection of the Law by the Court.

50. Notice of Motion to Dismiss the Counterclaim was filed on or about February 5, 2021, reads as follows;

> "PLEASE TAKE FURTHER NOTICE that in accordance with R. 1:6- 2(a), the discovery end date in this matter is *September 21, 2021;*" [Emphasis added]

51. Pursuant N.J. Ct. R 6:3-3(1) Subject to R. 1:6-2(d), the clerk did not notify the Counterclaimant by  mail of the time and place of the hearing. [17] Dismissing – *Unopposed.* The Counterclaimant asserts violation of the Fourteenth Amendment Due Process violation - Right to be Heard.

### Continuance(s) and Rescheduling

52. The Defendant asserts prejudice by the Third-party Defendant and the Court's postponing of hearings, up to *seven* 7-times, within one year delaying the disposition of the matter.

---

[16] Answer is deficient certification of service and/or Proof of Service in the original copy filed September 4, 2020 with the Court.

[17] Pursuant N.J. Ct. R 6:3-3(1) Subject to R. 1:6-2(d) to-date, the Defendant/Counterclaimant/Third-party Plaintiff has not received mail of the time and place of hearing from the Court.

### State and Appellate Court Hostility and Bias against the Defendant/Counterclaimant/Third-party Plaintiff

53. The Defendant invokes the 5th and 14th Amendment(s) Constitutional provisions and Title 28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge[18] in furtherance for removal of the case Docket Number BER-L-002779-20 from the Superior Court of New Jersey Law Division, Bergen County to the United States District Court for the Eastern District of Missouri;

54. On September 2, 2015 Judge Michael Casale, in pertinent part, stated,

> "I do agree with you, that plaintiff has been delaying this case. However, he is within his rights to change counsel in accordance with Rule 5:3-5(d)."
> **NoR Exhibit-5**

55. Still pending Order to Show Cause filed by the Plaintiff against the Law Firm was entered by the Court on July 17, 2020; **NoR Exhibit-6**

56. On January 28, 2021 Civil Division Judge Russell Passamano sat and decided Chancery Division Family Part matter, signed and filed ORDER ENTERING ATTORNEY'S LIEN AGAINST MENSAH CONE IN FAVOR OF TOWNSEND, TOMAIO & NEWMARK, LLC Trial Court Docket Number *FM-07-2157-14E*.[19] [Emphasis added] **NoR Exhibit-8, NoR Exhibit-7, NoR Exhibit 11**

57. Respondent, Gregory Pasler of Townsend Tomaio & Newmark, LLC, remains in defiance to correct the Docket Number in the Respondent's Case Information Statement; **NoR Exhibit-9**

---

[18] (a)Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b)He shall also disqualify himself in the following circumstances: (1)Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

[19] To the Defendant's knowledge, no Complaint or Court record exist for Docket Number; FM-07-2157-14E

Certified Mail # xxxx xxxx xxxx xxxx 2xx8

58. Counsel for the Plaintiff, Gregory Pasler of Townsend, Tomaio & Newmark, LLC providing testimony in open court against Mensah Cone regarding MENSAH CONE, Plaintiff; **NoR Exhibit-10**

59. The Court's dishonor of MENSAH CONE, Plaintiff's presentment for court fees relative to the cross-motion and third-party complaint filed on or about May 15, 2020;

60. The Court's denial of MENSAH CONE, Plaintiff's calling witnesses on his behalf for plenary hearing held January 13, 2021;

61. The Defendant/Counterclaimant/Third-party Plaintiff asserts violation of Equal Protection of the Law; denial of application of Entry for Default against the Counterclaim Defendants and the Third-party Defendants;

62. On September 17, 2019 during testimony break, Mensah Cone regarding MENSAH CONE, Plaintiff, WHEREBY Bar attorneys made threating statements referring to the Plaintiff; Scott Diener repeatedly said "fuck his ass up", at which Mr. Geist repeatedly replied "I will"[20].

### Harassment

63. *Four* (4) Orders were issued by the Superior Court of New Jersey Appellate Division for DOCKET NO. A-001858-20 T1.[21]

### No Parity (Fed. R. Civ. P. 17)

64. No parity exists between the plaintiff, Bristol House Condominium Association the artificial entity and the defendant, Mensah Cone, a private man. *See* SUMMONS.

---

[20] This was reported to the Court in May 15, 2020 Answer to the Petitioner's Order to Show Cause filed on February 25, 2020.

[21] Appellate Docket Number is A-001858-20 (Docket #s: (Appeal &/or Trial Court) A-001858-20). Note, the Appeal was filed in the year 2021, not 2020.

Certified Mail # xxxx xxxx xxxx xxxx 2xx8

## Conclusion

65. Pursuant Title 28 U.S. Code § 1331 - Federal question; removal based on Federal question relative to the trial case is within jurisdiction of the United States District Court of the Eastern District of Missouri.

66. Pursuant Title 28 U.S. Code § 1332 - Diversity of Citizenship;  removal based on Diversity of Citizenship the trial case is within jurisdiction of the United States District Court of the Eastern District of Missouri for this case.

67. Pursuant Title 28 U.S. Code § 1332 - Diversity of Citizenship;  removal based on amount in controversy relative to the trial case is within jurisdiction of the United States District Court of the Eastern District of Missouri.

68. Pursuant Title 28 U.S. Code § 1441 - Removal of civil actions (b)Removal Based on Diversity of Citizenship - the trial case is within jurisdiction of the United States District Court for the Eastern District of Missouri.

69. Pursuant Title 28 U.S. Code § 1441 - Removal of civil actions (c)Joinder of Federal Law Claims and State Law Claims — the Trial Case(s) is within jurisdiction of the United States District Court for the Eastern District of Missouri.

70. This United States District Court for the Eastern District of Missouri jurisdiction extends to "all [non-federal] claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution[22].

71. Constitutional provisions, Diversity, Federal Question, original and supplemental jurisdiction warrant removal of this case to the United States District Court for the Eastern District of Missouri.

---

[22] Cone v. Townsend, Tomaio, & Newmark, LLC et al 4:21-cv-00524-JCH

18

72. **WHEREFORE**, the Defendant/Counterclaimant/Third-party Plaintiff removes this action BER-L-002779-20, previously commenced in the Superior Court of New Jersey Law Division, Bergen County  to the United States District Court Eastern District of Missouri.

19

20

Pursuant Title 28 U.S. Code § 1746 - Unsworn declarations under penalty of perjury; I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed by:

/s/Mensah Cone regarding MENSAH CONE
Without prejudice. All Rights Reserved.
Mensah Cone
1720 Market Street 775122
St. Louis, MO [63177]
201-281-6791
**mensah_c@yahoo.com**

Date: 07/25/2021

21